UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN J. CRUMITY,

    Petitioner,

v.                                            Case No. 4:22-cv-214-WS-MJF

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

    Petitioner John J. Crumity (a/k/a John Jerome Crumitie, DC #551647) has filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Respondent ("the State") moves to dismiss the petition as untimely. Doc. 13. Crumity has not responded to the motion.[1] The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Crumity's petition should be dismissed for lack of jurisdiction, because it is an unauthorized "second or successive" habeas corpus application.

---

[1] Crumity's response deadline expired on January 9, 2023. *See* Doc. 14.

## I. BACKGROUND AND PROCEDURAL HISTORY

Over twenty-five years ago, Crumity was convicted of the following five crimes in Jefferson County Circuit Court Case No. 1993-CF-161: (1) First-Degree Murder; (2) Attempted Second-Degree Murder; (3)-(4) Attempted Robbery with a Firearm (two counts); and (5) Shooting into an Occupied Vehicle. Doc. 13, Ex. A (J. & Sentence); Ex. B (Sentencing Order).[2] The trial court sentenced Crumity to imprisonment for life with eligibility for parole after 25 years. Exs. A, B. On August 12, 1997, the Florida First District Court of Appeal ("First DCA") affirmed the judgment without written opinion. *Crumitie v. State*, 698 So. 2d 840 (Fla. 1st DCA 1997) (Table) (per curiam). Crumity did not seek further direct review. Ex. C.

On March 19, 1999, Crumity filed a motion for postconviction under Florida Rule of Criminal Procedure 3.850. The state circuit court summarily denied relief. The First DCA affirmed in part, reversed in part, and remanded for further proceedings on one claim. *Crumitie v. State*, 842 So. 2d 271 (Fla. 1st DCA 2003) (per curiam). On remand, the state circuit court again denied relief, and the First DCA affirmed without written opinion. *Crumitie v. State*, 903 So. 2d 192 (Fla. 1st DCA 2005) (Table) (per curiam).

---

[2] Hereafter all citations to the record are to the electronically-filed exhibits attached to the State's motion to dismiss, Doc. 13.

On December 6, 2005, Crumity filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, in this District Court. *See Crumity v. Crosby*, No. 4:05cv463-RH/WCS (copy at Ex. D). The District Court dismissed the petition as untimely. *Crumity*, No. 4:05-cv-463-RH/WCS, 2006 WL 5410889 (N.D. Fla. Feb. 28, 2006) (copy at Exs. E, F). The court concluded that Crumity's conviction became final, for purposes of the federal habeas limitations period, on November 10, 1997, when the 90-day period for seeking certiorari review in the United States Supreme Court expired. *Crumity*, 2006 WL 5410889, at *1. The court determined that Crumity's time to file his federal habeas petition expired one year later, on November 10, 1998, and that his Rule 3.850 motion filed on March 19, 1999, did not toll the limitations period because it was filed after the limitations period expired. *Id*. at *1.

After the dismissal of his federal habeas petition, Crumity returned to state court and filed additional applications for postconviction relief. *See* Exs. H-U. None of those applications resulted in a new judgment or sentence.

On June 7, 2022, Crumity filed his present § 2254 petition. Doc. 1. When asked on the petition form whether he "previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition," Crumity marked "No," and did not disclose his prior § 2254 petition.

Doc. 1 at 12. Crumity signed his petition under penalty of perjury. *Id*. at 15. Crumity's counsel signed the petition subject to Rule 11 of the Federal Rules of Civil Procedure. *Id*. at 15; Fed. R. Civ. P. 11(b).

The State moves to dismiss Crumity's petition as time-barred under 28 U.S.C. § 2244(d)(1). Doc. 13. Crumity has not responded to the motion. The undersigned does not address the affirmative defense of timeliness, because a jurisdictional basis exists to dismiss the petition—it is an unauthorized "second or successive" habeas corpus application.

## II. Discussion

Section 2244 provides, in relevant part:

**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

**(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

**(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

**(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable

> factfinder would have found the applicant guilty of the underlying offense.
>
> **(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.**

28 U.S.C. § 2244 (emphasis added); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2018) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to hear a second or successive § 2254 petition absent the requisite authorization. 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) (holding that district court lacked jurisdiction to entertain second habeas corpus petition because prisoner failed to obtain order from court of appeals authorizing him to file the petition); *Fugate v. Dep't of Corr.,* 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

The phrase "second or successive" does not refer to *all* habeas petitions filed second or successively in time. *See Magwood v. Patterson*, 561 U.S. 320, 332 (2010). Instead, "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Id*. at 333. Where an intervening judgment comes in between the filing of two habeas petitions, the "application challenging the resulting

new judgment is not 'second or successive' at all." *Id*. at 341-42. "[T]he existence of a new judgment is dispositive." *Id*. at 338.

In this case, no intervening judgment came between Crumity's § 2254 petition filed in 2005, and his present § 2254 petition. "Petitions dismissed as time-barred by the Antiterrorism and Effective Death Penalty Act's one-year limitations period are considered to have been dismissed with prejudice, and subsequent petitions qualify as second or successive." *Pray v. Dep't of Corr*., 779 F. App'x 713, 714 (11th Cir. 2019) (citing *Jordan v. Sec'y, Dep't of Corr*., 485 F.3d 1351, 1353 (11th Cir. 2007) (treating a § 2254 petition filed after a district court denied a prior petition for being untimely as a "second or successive" petition)).

Crumity's present § 2254 petition is a "second or successive" habeas corpus application. Crumity does not allege or show that he obtained authorization from the Eleventh Circuit to file this application. Crumity's failure to receive the requisite authorization operates as a jurisdictional bar that requires dismissal of this case. *See Burton*, 549 U.S. at 152, 157; *Fugate*, 301 F.3d at 1288.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.  The petition for writ of habeas corpus, Doc. 1, challenging the judgment conviction and sentence in State of Florida v. John Jerome Crumitie, a/k/a/ John Jerome Crumity, Jefferson County Circuit Court Case No. 1993-CF-161, be **DISMISSED** without prejudice for lack of jurisdiction.

2.  The clerk of court enter judgment accordingly and close this case file.

At Pensacola, Florida, this <u>10th</u> day of February, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**